Colcock, J.
delivered the opinion of the Court.
The Court concur with the presiding Judge on every ground; and the mol ion of the defendants therefore cannot prevail.
The grounds for a nonsuit are untenable, inasmuch as the defendants have by their own conduct precluded themselves *200 from any advantage they might have derived from them,. They distinctly placed their claim on the ground, that they were creditors in possession; and on that ground they are now met.
Whether an assignment for the benefit of preferred creditors, should be permitted to have effect, where the debtor is greatly involved, is a question for the Legislature. Their legal operation is the only question for us; and it is a mistake to suppose that this Court ever entertained a doubt upon the subject. The deeds are prior in date to the attachment, and therefore passed the property to the plaintiff, unincumbered by any claims of the defendants, of which we have seen any evidence.
The ground, that the property was in the custody of the law, is the only one which seemed to be seriously relied on. But. there is nothing in it. The attachment was abandoned by Young in October, 1825, and the defendants were at full liberty to have delivered the goods at. any time afterwards ; for there was nothing to prevent their withdrawing their own proceedings. But when this suit was brought, all the parties were out of Court, and the very colour of objection vanishes.
The plaintiff could not be bound by the proceedings in attachment; for he was not a party to them. He was not bound to litigate his claims in the mode dictated by the defendants, even if he could do so, which I much doubt. So that if the judgment obtained by the defendants could be supported by arty construction of the attachment act; still it is altogether unavailing against the title of the present plaintiff.
We are satisfied also with the decision of the jury on the question of damages, which was one almost entirely belonging to them. The sale at auction was by no means an accurate test of the real value of the goods; and there was other and better evidence of the value. Besides, it required very strong evidetice to prove, that the goods were worth less than the defendants had themselves actually obtained from Weyman for them.
Motion refused.